**Samuel ZOOK, et al., Appellants**

v.

**ENVIRONMENTAL PROTECTION AGENCY and Gina McCarthy, Appellees.**

No. 14–5187.

United States Court of Appeals, District of Columbia Circuit.

April 24, 2015.

Carolyn Elefant, Law Offices of Carolyn Elefant, Washington, DC, Wallace L. Taylor, Law Offices of Wallace L. Taylor, Cedar Rapids, IA, for Appellants.

John David Gunter, II, Aaron Peter Avila, Lisa Meghan Bell, John Charles Cruden, U.S. Department of Justice, Washington, DC, for Appellees.

Before: ROGERS, TATEL and SRINIVASAN, Circuit Judges.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties and oral argument of counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R.App. P. 36; D.C.Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the district court's order filed June 30, 2014, be affirmed. The plaintiffs filed this action pursuant to the citizen-suit provision of the Clean Air Act, 42 U.S.C. § 7604. They allege that the Administrator of the Environmental Protection Agency has unreasonably delayed in fulfilling her nondiscretionary duty to regulate air pollutants emitted from animal feeding operations (AFOs) under the Clean Air Act. In particular, the plaintiffs allege that the Administrator has failed to list ammonia and hydrogen sulfide as criteria pollutants under Section 108 of the Act, *see id.* § 7408(a)(1), and to issue national primary and secondary ambient air quality standards (NAAQS) for those listed pollutants pursuant to Section 109 of the Act, *see id.* § 7409(a)(2). In addition, the plaintiffs allege that the Administrator has failed to

list AFOs as stationary sources of air pollution under Section 111 of the Act, *see id.* § 7411(b)(1)(A). As relief, the plaintiffs asked the district court to order the Administrator and EPA to list ammonia and hydrogen sulfide as criteria pollutants, issue NAAQS for those listed pollutants, and list AFOs as stationary sources of air pollution.

An individual may bring an action against the EPA Administrator under the Clean Air Act's citizen-suit provision "where there is alleged a failure of the Administrator to perform any act or duty under [the Act] which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2); *see id.* § 7604(a) (district court has "jurisdiction to compel ... agency action unreasonably delayed" "consistent with" § 7604(a)(2)). The plaintiffs have not identified a nondiscretionary act or duty that the Administrator has failed to perform. Section 108 conditions the Administrator's obligation to list an air pollutant on a finding that "emissions of [the pollutant], in [her] judgment, cause or contribute to air pollution which may reasonably be anticipated to endanger public health or welfare." *Id.* § 7408(a)(1)(A). Similarly, Section 111 only requires the Administrator to list a category of stationary sources "if in [her] judgment it causes, or contributes significantly to, air pollution which may reasonably be anticipated to endanger public health or welfare." *Id.* § 7411(b)(1)(A). Thus, under both schemes, the Administrator's duty to regulate is triggered by an endangerment finding that the Act entrusts to the Administrator's sole judgment. *Cf. Massachusetts v. EPA,* 549 U.S. 497, 532–33, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007).

The plaintiffs do not allege that the Administrator has made the requisite endangerment findings. The plaintiffs instead point to what they contend is "clear evidence that air pollutants from AFOs endanger public health and welfare." J.A. 16. But scientific evidence alone—even if EPA is aware of that evidence—cannot give rise to a mandatory duty to regulate. *See WildEarth Guardians v. EPA,* 751 F.3d 649, 652, 655 (D.C.Cir.2014). The plaintiffs' understanding would effectively read the qualifier "in [her] judgment" out of the statutory provisions and would put the district court in the position of analyzing scientific studies and reports to make the relevant endangerment findings in the first instance. Because the plaintiffs are wrong in asserting that the Administrator has a nondiscretionary duty to list these pollutants and sources without the agency having made the prerequisite determinations, they do not state a claim for relief under the citizen-suit provision, and the district court properly dismissed their complaint.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.